Alejandro P. Gutierrez, SBN 107688
*agutierrez@hathawaylawfirm.com*
**HATHAWAY, PERRETT, WEBSTER, POWERS,
CHRISMAN & GUTIERREZ, APC**
200 Hathaway Building
5450 Telegraph Road, Suite 200
Post Office Box 3577
Ventura, CA  93006-3577
Telephone: (805) 644-7111
Facsimile: (805) 644-8296

Daniel J. Palay, SBN 159348
*djp@calemploymentcounsel.com*
Brian D. Hefelfinger, SBN 253054
*bdh@calemploymentcounsel.com*
**PALAY HEFELFINGER, APC**
1484 E. Main Street, Suite 105-B
Ventura, California 93001
Tel: (805) 628-8220
Fax: (805) 765-8600

Attorneys for Plaintiff JON HARRIS
And the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HARRIS, an individual; on behalf of himself and other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NERIUM INTERNATIONAL, LLC, a Texas Limited Liability Company; NERIUM SKINCARE, INC., a Texas Corporation; JEFF OLSON, an individual; RENEE OLSON, an individual; and DOES 1-10, inclusive,<br><br>Defendants.<br>_____ | CASE NO:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br>1) **FAILURE TO PAY WAGES;**<br>2) **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (***CAL. LABOR CODE* § 226**);**<br>3) **UNFAIR COMPETITION (***CAL. BUS. & PROF. CODE* § 17200**);**<br>4) **FAILURE TO REIMBURSE BUSINESS EXPENSES (***CAL. LABOR CODE* § 2802**); AND**<br>5) **DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT; DEMAND FOR JURY TRIAL**

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

COME NOW, Plaintiff JON HARRIS ("Plaintiff") and the putative class, and submit the following Complaint against NERIUM INTERNATIONAL, LLC, a Texas Limited Liability Company; NERIUM SKINCARE, INC., a Texas Corporation; JEFF OLSON, an individual; RENEE OLSON, an individual; and DOES 1-10, inclusive (collectively the "Defendants"), and each of them as follows.

**INTRODUCTION**

1. This is a class, collective, and representative action brought by Plaintiff, on behalf of himself and all others similarly situated. Plaintiff and those similarly situated are or were employed by Defendants as "brand partners" or sales representatives and were denied proper classification as to employee versus independent contractor status (and, thus, the attendant benefits arising from proper classification), as required by California law.

2. The Class is made up of each person who has worked for Defendants in California as a "brand partner" within 4 years of the filing of this action through the date of certification of the class (the "Class Period").

3. During the Class Period, Defendants failed to pay all wages, reimbursements, and other benefits owed to Plaintiff and each member of the putative class as required by federal and state law.

4. Defendants maintained a practice of hiring Plaintiff and the putative class members as purported "independent contractors," despite that Defendants at all relevant times: (i) maintained control and direction over the brand partners; (ii) required the workers to perform work that was within the usual course of the Defendants' business; and (iii) utilized workers that were not customarily engaged in any independently established trade, occupation, or business of a different nature from the work performed for the hiring entity. *See, e.g., Dynamex Operations W., Inc. v. Superior Court*, 2018 Cal. LEXIS 3152 (Cal. Sup. Ct. Case No. S222732, Apr. 30, 2018); *Cal. Labor Code* § 226.8.

5. As a result, Plaintiff and the putative class were and are misclassified in their employment status, and Plaintiff seeks relief for all such individuals.

## VENUE AND JURISDICTION

6. Venue and jurisdiction is appropriate in this Federal Court because the Plaintiff, a citizen of California, and the Defendants herein, citizens of Texas, are citizens of different states. Further, the amount in controversy exceeds $75,000.00. As a result, this Court maintains jurisdiction pursuant to 28 U.S.C. section 1332(a)(1).

7. In addition, this Court has original jurisdiction for all state law claims asserted under California law pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), in that the estimated damages involved in the claims alleged will exceed $5,000,000, the number of members of all proposed plaintiff classes in the aggregate exceeds 500, and the parties to this action are residents of different states. This Court also has supplemental jurisdiction over related state law claims asserted herein pursuant to 28 U.S.C. § 1367.

8. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b). At all times material herein, Defendants and Plaintiff have been actively transacting business in the State of California, and within the geographic area encompassing the Northern District of the State of California, where it employs putative class members to market and sell Nerium products and related "brand partner" economic opportunities.

## THE PARTIES

9. At all times herein mentioned, Plaintiff JON HARRIS was an employee of Defendants, working in the state of California as a Nerium "brand partner" for Defendants from 2012 through the present.

10. At all times herein mentioned, Plaintiff HARRIS was and is a resident of and citizen of the State of California, with the intent to remain as such.

11. At all times herein mentioned, Plaintiff is informed and believes and, based on such information and belief, thereon alleges that NERIUM INTERNATIONAL, LLC is a Texas Limited Liability Company, transacting business in the State of California including through the

**COMPLAINT; DEMAND FOR JURY TRIAL**

use of its "brand partners" such as Plaintiff and the putative class members, and through the sale of its skin care products to residents and citizens of California.

12. At all times herein mentioned, Plaintiff is informed and believes and, based on such information and belief thereon alleges that NERIUM SKINCARE, INC. is a Texas Corporation, transacting business in the State of California including through the use of its "brand partners" such as Plaintiff and the putative class members, and through the sale of its skin care products to residents and citizens of California.

13. At all times herein mentioned, Plaintiff is informed and believes and, based on such information and belief, thereon alleges that defendant JEFF OLSON is and has been a natural person who is an owner, director, officer, and/or managing agent of the corporate defendants named in this matter, and as such may be held liable as the employer pursuant to *California Labor Code* § 558.1 for purposes of claims asserted in this action. On information and belief, JEFF OLSON is a citizen of the state of Texas.

14. At all times herein mentioned, Plaintiff is informed and believes, and thereon alleges that defendant RENEE OLSON is and has been a natural person who is an owner, director, officer, and/or managing agent of the corporate defendants named in this matter, and as such may be held liable as the employer pursuant to *California Labor Code* § 558.1 for purposes of claims asserted in this action. On information and belief, RENEE OLSON is a citizen of the state of Texas.

15. The Defendants herein operate a business enterprise under the brand or tradename "Nerium," and it is alleged herein that Defendants generate revenue using a product-based pyramid scheme. Specifically, it is alleged that Defendants sell their products to the Nerium "brand partners," such as Plaintiff, who are supposed to recruit multiple, new Nerium brand partners. Any new recruits, in turn, purchase additional Nerium products, and recruit yet more Nerium brand partners, in an ever-growing pyramid.

16. Defendants use the lure of potential future bonuses, commissions, prizes (like iPads and Lexus cars) and "limitless opportunities" to motivate active participation and

recruitment of Nerium brand partners. Defendants produce and sell a skin care product in the form of a skin cream named "Nerium AD." Defendants claim that the Nerium AD cream has "remarkable properties" and that it produces "age defying results" when applied to the skin, among other claims. (*See, e.g., https://www.nerium.com/ us/en/shop/1001_US*, accessed May 16, 2018).

17. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the defendants identified herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by said fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 10 when they have been ascertained. Does 1 through 10 are in some manner legally responsible for the wrongs and injuries alleged herein.

18. Each of the Defendants acted as the agent, employer or employee of the others and each acted within the scope of that agency or employment.

## CLASS ACTION ALLEGATIONS

**19.** Plaintiff brings this action as a class action pursuant to Rule 23 of the *Federal Rules of Civil Procedure* on behalf of the following defined class (herein, the "Class"):

> Each and every person who has worked for Defendants in California as a "brand partner" within 4 years of the filing of this action through the date of certification of the class (the "Class Period").

**20.** Numerosity: The Class represents over 25 persons and is so numerous that the joinder of each member of the Class is impracticable.

**21.** Typicality: Plaintiff's claims are typical of the members of the Class. Plaintiff is informed and believes that, like other "brand partners" working for Defendants, he routinely did not receive all wages earned or reimbursement for business expenses incurred, or accurate itemized wage statements, during the Class Period. Plaintiff had the same duties and responsibilities as other Class members. Plaintiff and the Class were subject to Defendants' standard policy and practice of improperly classifying "brand partners" as purported "independent contractors," failing to pay required wages, including failing to pay waiting time

penalties, failing to provide accurate itemized wage statements, failing to maintain accurate records of hours worked, and failing to reimburse necessary business expenses.

**22.** <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large, corporate defendants. The members of the Class that Plaintiff represents have no plain, speedy or adequate remedy at law against Defendants, other than by maintenance of this class action, because Plaintiffs are informed and believe, and on such information and belief allege, that the damage to each member of the Class is relatively small and that it would be economically infeasible to seek recovery against Defendants other than by a class action.

**23.** <u>Adequacy</u>: Plaintiff will fairly and adequately represent the interests of the Class, because Plaintiff is a member of the Class, and Plaintiff's claims are typical of those in the Class.

**24.** <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. The common questions of law and fact that predominate in this matter include:

   a. Whether Defendants misclassified Plaintiff and the members of the Class as independent contractors rather than as employees;
   
   b. Whether Defendants unlawfully failed to pay all earned wages to Plaintiff and the members of the Class in violation of the *California Labor Code*;
   
   c. Whether Defendants provided adequate itemized wage statements to Plaintiffs and the members of the Class pursuant to *California Labor Code* § 226;
   
   d. Whether Defendants unlawfully failed to reimburse business expenses incurred by Plaintiff and the members of the Class, in violation of the *California Labor Code*;

  **e.** Whether Defendants' conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq.* by violating the state and federal laws as set forth herein;

  **f.** The proper measure of damages sustained by the Plaintiffs and the Class; and

  **g.** Whether Defendants' actions were "willful" and/or "knowing and intentional."

25. This case is maintainable as a class action under *Fed. R. Civ. P.* 23(b)(1) because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

26. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Specifically, Plaintiff and the putative class are entitled to proper classification under California law, along with wages and reimbursement owed, and yet Defendants continue to fail to properly classify Plaintiff and the Class here.

27. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions only affecting individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Class the benefits and perquisites of employment to which they are entitled. The damages suffered by the individual Class members are small compared to the expense and burden of individual prosecution of this litigation. In

addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

28.  Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23. The names and contact information of the members of the Class are available from Defendants, because Defendants maintain detailed record of such information relating to all brand partners.

## FIRST CAUSE OF ACTION

**(Failure to Pay Wages Owed – By Plaintiff and the Class against Defendants)**

29.  Plaintiff refers to paragraphs 1 through 28 and incorporates same by reference as though fully set forth at length herein.

30.  Plaintiff and the Class have worked as employees for Defendants during the four years preceding this Complaint but have not been paid all wages owed.

31.  *California Labor Code* § 200 defines "wages" as including <u>all amounts</u> for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

32.  By misclassifying Plaintiff and the Class as purported "independent contractors," as alleged above, Defendants have failed to pay all wages owed to Plaintiff and those similarly-situated by virtue of their true status as employees. This includes, but is not limited to, employer-side payments to federal and state taxing authorities, wages received by the employer in violation of *Labor Code* §§ 221 and/or 212, and any other charge, discount, deduction or amount which has caused Plaintiff or Class Members to receive less than the full benefit they would have received as employees.

33.  Defendants are aware that it owes the wages claimed, yet it has willfully failed to make such payment. Further, and in direct violation of *California Labor Code* § 221, Defendants did unlawfully require its employees to purchase products from them. Plaintiff seeks return of these wages unlawfully collected.

34.  Plaintiff and the Class members have been available and ready to receive wages

owed to them.  Plaintiff and the Class have never refused to receive any payment, nor have they been absent from their regular place of residence.

35.   The Defendants failure to pay the wages due and owing to Plaintiff and the Class, as indicated in prior paragraphs, was willful in that Defendants have knowingly refused to pay any portion of the amount due and owing.  *California Labor Code* § 203 provides that an employer that does not comply with the final-pay-timing requirements of §§ 201 or 202 is liable for a penalty for each day, up to a maximum of thirty days.

36.   Pursuant to *California Labor Code* § 218.5, Plaintiff requests the court award his reasonable attorney's fees and costs incurred in this action.  Plaintiff also requests all unpaid wages, penalties and interest.  Pursuant to *Labor Code* § 218.6, Plaintiff requests interest on all wages owed.

## SECOND CAUSE OF ACTION

**(Wage Statement Violation – By Plaintiff and the Class Against Defendants)**

37.   Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

38.   California Labor Code section 226 provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

39. In this case, Defendants have failed to provide such wage deduction statements to Plaintiff and the Class. Pursuant to Labor Code section 226(e), damages are appropriate.

40. At this time, Plaintiff believes and alleges that he and the Class are owed the maximum allowable penalty under section 226(e) because Defendants intentionally failed to provide paycheck stubs. However, the exact amount of damages under Labor Code section 226(e) will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of damages under Labor Code section 226(e).

41. Pursuant to Labor Code section 226(e), Plaintiffs request the court to award Plaintiffs' reasonable attorney's fees and costs incurred by Plaintiffs in this action.

### THIRD CAUSE OF ACTION

**(Failure to Reimburse Expenses – By Plaintiff and the Class Against Defendants)**

42. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

43. *California Labor Code* section 2802 provides that California employees must be reimbursed for their employment-related business expenses.

44. Section 2802 of the *California Labor Code* states in pertinent part that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

45. Defendants violated, and are continuing to violate, section 2802 by requiring

Plaintiff and those similarly situated to incur costs and other expenses related to the performance of their job duties, including but not limited to travel/mileage expenses, supplies, telecommunication expenses, and other business-related costs, all without full reimbursement therefor. By this and similar acts, the Defendants have violated section 2802.

46. Plaintiff incurred such reasonable and necessary business expenses in order to perform his job, and for the benefit of Defendants, but was not fully reimbursed. Plaintiff has sustained damages and losses in the amount of the expenses incurred by Plaintiff as required by Defendants for the necessary discharge of his duties.

47. *California Labor Code* section 2802(c) provides that the employee may recover all reasonable costs, including attorneys' fees, for enforcing the employee's right under this section. Plaintiff has incurred costs and attorneys' fees and will continue to incur costs and attorneys' fees to enforce his rights and the rights of similarly situated employees of Defendants' under section 2802. Plaintiff is entitled to recover their reasonable attorneys' fees and costs in an exact amount to be proven at trial.

## FOURTH CAUSE OF ACTION

**(Unfair Competition - By Plaintiff and The Class Against Defendants)**

48. Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

49. This cause of action is being brought pursuant to *California Business and Professions Code* § 17200 *et seq.* and California case law, including *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.App.4th 163 (2000).

50. It is alleged that Defendants have misclassified and willfully failed to pay Plaintiff and the Class all required wages and expense reimbursements owed. The failure to pay such wages and expenses constitutes unfair business practices under *California Business and Professions Code* section 17200.

51. As a result of the conduct of Defendants, Defendants profited from breaking the

law.  Plaintiff and the Class seek disgorgement of Defendants' unlawfully obtained benefits (plus interest thereon) for the four-year period measured backward from the date of filing of the initial Complaint in this matter.

52.   California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.  The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

53.   As a result of the alleged aforesaid actions, Plaintiff and the Class have suffered injury in fact and have lost money as a result of such unfair competition.

54. Further, an accounting or a receiver may be necessary to effectuate all relief necessary to Plaintiff and the Class, in a manner to be determined by the Court.

## FIFTH CAUSE OF ACTION

**(Declaratory Relief– By Plaintiff and the Class Against Defendants)**

55.   Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

56.   An actual controversy has arisen and now exists between Plaintiff and the Class, on the one hand, and the Defendants, on the other, concerning their respective rights and duties in that Plaintiff contends that he and those similarly-situated have been misclassified as purported independent contractors, whereas Defendant it is believed disputes these contentions and contends that its various written agreements purporting to characterize the brand partner relationship as one of independent contractor and principal should be enforced.

57. As such, Plaintiff desires a judicial determination of his rights and duties, and the rights and duties of the Class, and a declaration as to whether the Defendants' independent contractor agreement is valid and enforceable, in any respect.

58. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff and those similarly-situated may properly ascertain his / her / their rights and duties with respect to their relationship and agreement(s) with Defendants and the Nerium enterprise.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Class, pray for relief as follows:

**On the First Cause of Action**

1. For all wages owed under California law according to proof;

2. For prejudgment interest pursuant to *Labor Code* sections 218.6, and *Civil Code* sections 3288 and 3291, on all amounts claimed; and

3. For attorney's fees and costs pursuant to *Labor Code* section 218.5.

**On the Second Cause of Action**

1. For statutory penalties and any compensatory damages, pursuant to law;

2. For reasonable attorneys' fees pursuant to statute;

3. For costs of suit; and

4. For any other and further relief that the Court considers just and proper.

**On the Third Cause of Action**

1. For an equitable order, ordering Defendants to pay all former and current employees all wages, interest, and penalties they are owed;

2. For an appointment of a receiver to perform an accounting of all monies owed to these employees;

3. For any and all injunctive relief this Court deems necessary pursuant to California

Business and Professions Code section 17203; including an injunction ordering Defendants to begin classifying all "brand partners" in California as employees, and complying with all state and federal laws in regard to such employment relationship(s);

4. For any and all public injunctive relief as this Court deems necessary, including any injunctive orders to Defendants to comply with California law and/or advise the relevant population or general public of Defendant's misconduct. (*See, e.g.*, *McGill v. Citibank*, 2 Cal. 5th 945 (2017);

5. For a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

6. For prejudgment interest pursuant to California Civil Code section 3288 and section 3291 on all amounts claimed;

7. For leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

8. For costs of suit; and

9. For any other and further relief that the Court considers just and proper.

**On the Fourth Cause of Action**

1. For all business expenses owed, according to proof;

2. For reasonable attorneys' fees pursuant to statute;

3. For costs of suit;

4. For interest on all expenses owed; and

5. For any other and further relief that the Court considers just and proper.

**On the Fifth Cause of Action**

1. For a judicial determination and declaration that the brand partner independent contractor agreement(s) provided by Defendants to Plaintiff and those similarly-situated is void and of no force or effect;

2. For all damages arising from the misclassification of Plaintiff and those similarly situated as purported independent contractors;

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

Dated: May 16, 2018　　　　　　　　　　　　　　　**PALAY HEFELFINGER, APC**

By: _____
　　Daniel J. Palay
Attorneys for Plaintiff JON HARRIS
and the Putative Class

**COMPLAINT; DEMAND FOR JURY TRIAL**

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

Dated: May 16, 2018                                **PALAY HEFELFINGER, APC**

By: _____
Daniel J. Palay
Attorneys for Plaintiff JON HARRIS

**COMPLAINT; DEMAND FOR JURY TRIAL**